MEMORANDUM **
Valentin Luna Vazquez and his wife Leticia Patricia Santos Perez, both natives and citizens of Mexico, petition for review of the Board of Immigration Appeals’ summary affirmance without opinion of an immigration judge’s decision concerning their applications for cancellation of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny in part and grant in part the petition for review.
Leticia withdrew her application for cancellation of removal at the start of her merits hearing. Moreover, petitioners’ opening brief does not address Leticia’s application. Accordingly, we deny the petition as to Leticia. See Cuevas-Gaspar v. Gonzales, 430 F.3d 1013, 1021 n. 4 (9th Cir.2005) (explaining that issues not raised in the opening brief are deemed waived).
Valentin contends that the IJ erred in determining that he failed to meet the ten-year continuous physical presence requirement of 8 U.S.C. § 1229b(b)(l)(A) due to a departure from the United States in 1995. Although an administrative voluntary departure constitutes a break in continuous physical presence, see Vasquez-Lopez v. Ashcroft, 343 F.3d 961, 972 (9th Cir.2003) (per curiam), we recently held that the fact that an alien is turned around at the border, even where the alien is fingerprinted and information about his attempted entry is entered into the government’s computer database, does not in and of itself interrupt accrual of physical presence, see Tapia v. Gonzales, 430 F.3d 997, 1002-1004 (9th Cir.2005).
On the record before us, we cannot determine whether Valentin’s return to Mexico by immigration officials was the result of an administrative voluntary departure or a voluntary return. Moreover, even assuming Valentin accepted administrative voluntary departure, the record is not sufficiently developed for us to determine whether he knowingly and voluntarily accepted administrative voluntary departure. See Ibarra Flores v. Gonzales, 439 F.3d 614 (9th Cir.2006) (explaining that an agreement for voluntary departure should be enforced against an alien only when the alien has been informed of, and has knowingly and voluntarily consented to, the terms of the agreement).
*834 Accordingly, we remand Valentin’s cancellation of removal application to the Board for further proceedings. On remand, both the government and Valentin are entitled to present additional evidence regarding any of the predicate eligibility requirements, including continuous physical presence.
All pending motions are denied as moot.
PETITION FOR REVIEW DENIED as to Leticia; PETITION FOR REVIEW GRANTED and REMANDED as to Valentin.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9 th Cir. R. 36-3.